### Scott *vs* Bruce.—June, 1828.

A sheriff returned a *fieri facias* "laid per schedule, and property sold to B for $750. Resold to H for $725, and sale not complied with, and of course on hand." The schedule showed a levy on several parcels of land— *Held*, (on the plaintiff's motion to quash the return,) that the officer might well return those facts, and if they were according to the truth of the case, which *prima facie* must be presumed, he was certainly justified in returning them in a special manner, instead of returning in general terms, that the property was unsold, and on hand for the want of buyers.

APPEAL from *Charles* County Court. The appellant, (the plaintiff in the court below,) on the 10th of February 1826, issued out of that court a writ of *fieri facias*, directed to the sheriff of the county, against the appellee, (the defendant below,) on a judgment rendered therein at March term 1824, for $535 23 damages, with interest thereon, &c. and costs. At the return day of the writ, (March term 1826,) no return thereof was made by the sheriff. At the next term, (August 1826,) the plaintiff moved the court for a rule on the sheriff to return the writ. The sheriff accordingly made the following return of the writ: "Laid per schedule, and property sold to Mrs. *Henrietta Bruce*, for $750. Resold to *Warren Hobert*. for $725, and sale not complied with, and of course on hand.

*Hugh Cox*, Sheriff."

The schedule referred to was an appraisement of sundry par-

cels of land taken by the sheriff under the *fieri facias,* viz. "A parcel of land called *Part of Marshall,* containing 258 acres; a parcel ditto called *Hamersley Meadows,* containing 130 acres, and a parcel ditto called *Marsh,* containing 70 acres, at $8 per acre on an average," &c. The plaintiff moved the court that the return aforesaid might be quashed and set aside, and that the sheriff be compelled to make a proper return—1st. Because the return is argumentative and superfluous. 2d. That upon the face of the return of the sheriff, it appears that he has not executed his duty in a lawful manner. 3d. That the return, if received, will have a tendency to defeat the plaintiff's remedy against the sheriff for his improper conduct. The court overruled the motion. From which judgment of the court, the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, ARCHER, and DORSEY, J.

*Ashton,* for the Appellant, cited 1 *Arch. Pr.* 289, 293.

*C. Dorsey,* for the Appellee, referred to *Zantzinger v Pole,* 1 *Dall. Rep.* 419.

EARLE, J. delivered the opinion of the court. We can perceive nothing wrong in the decision of the court below in this case. The sheriff seized the property of the defendant under the *fieri facias* directed to him, and sold it twice, although unluckily to a person, each time, who would not, or could not comply, by paying the money bid for it. The officer might well return these facts, and if they were according to the truth of the case, which *prima facie* must be presumed, he is certainly justified in returning them in a special manner, instead of returning in general terms, that the property was unsold, and on hand, for the want of buyers. How can the plaintiff, who made this motion, be affected by this mode of return? If he wishes to proceed further, it will afford as good ground for his *venditioni exponas,* as if it had been expressed in the more general language. A distinguished judge in the state of *Pennsylvania* advised this kind of return, which would hardly have been done, if it would have endangered the plaintiff's demand,

or proved in any way inconvenient to him. In *Zantzinger v Pole*, 1 *Dall*. 419, we find Chief Justice *M'Kean* stating, that if the property is not paid for after the sale, the return should be, that "the premises were knocked down to A B, for so much, that the said A B has not paid the purchase money, and that, therefore, the premises remained unsold." But there is no necessity to recur to authority in this case.

We think upon principle, the court were right, and their judgment is therefore affirmed.

JUDGMENT AFFIRMED.