JOHN HARDESTY AND MATTHEW HARDESTY *vs.* JOHN F. WILSON.—*June* 1845.

A judgment creditor issued a *fi. fa.*, and sold the land of his debtor. The sheriff, without his consent, gave time to the purchaser to pay for the land, and the purchase money not being all paid, the creditor ordered the sheriff to proceed to a re-sale of the property levied on. The debtor is not entitled to an injunction to stay such re-sale.

If the sheriff give time to a purchaser at his sale, to pay the purchase money, without the assent of the creditor, the latter is not bound by it.

61  v.2

In a proceeding in equity where the sheriff is no party, the conduct of that officer cannot be inquired into.

It does not follow, that because a bidder is found upon an offer for sale of property, levied on under a *fi. fa.*, and he makes the highest bid, that the supposed sale to him discharges so much of the debt.

The bidder acquires no title to the thing purchased, but by payment of the purchase money, and if he fails to do this within a reasonable time, a re-sale may be lawfully made.

The seizure, upon a *fi. fa.*, is not a satisfaction of the debt.

APPEAL from the Court of Chancery.

On the 7th January 1845, the appellants filed their bill alleging, that a certain *John F. Wilson,* recovered a judgment against your orators, in, &c., at, &c., for the sum of $1500, &c.; that the said judgment was obtained upon a note, given by said *John Hardesty* to said *J. F. W.,* with *Matthew Hardesty* as his security, for the purchase of a tract of land called "*Sandy Point,*" and for which he, the said *John,* bargained with a certain *Zachariah McCeney,* but understanding that the title to the property was in said *Wilson,* he, together with said *McCeney* and *M. H.,* one of your complainants, went to the house of said *Wilson,* and gave his note for the purchase money, with *M. H.* as his surety, with a credit, as he believes, of two years.   He, the said *J. H.,* further states to your honors, that in the succeeding summer, (he thinks in August 1841,) he sold his title in said land to a certain *John Hall,* before he took possession, with the knowledge and consent of said *J. F. W.,* who agreed to take said *Hall,* as purchaser in lieu of himself; and said *Hall,* some short time afterwards, when he took possession of the land, paid said *W.* part of the purchase money, in presence of said *M. H.,* one of your complainants, and that said *Hall* has been since that time, and is now in possession of said land; that said *J. F. W.,* has sued out of *Anne Arundel* county court, a writ of *fieri facias* upon the aforesaid judgment, and that the sheriff of said county, to whom said execution was directed, levied the same upon the said tract of land called "*Sandy Point,*" and also upon another tract of land called "*Gravelly Hill,*" the property of said *M. H.;* and that on or about the 2nd November 1844, sold the said tract of land

called "*Sandy Point*," at public sale, to a certain *Jeremiah Wells*, for the sum of $1200; that said *Wilson* was present at said sale, and was next highest bidder to said *Jeremiah Wells*, his bid being only ten dollars under that of said *Wells*, on which said land was sold; that said *Wilson*, as they have heard, and believe, gave time to said *Wells* for the payment of the purchase money, and as your orator *Matthew Hardesty*, avers, from information from said *Wells*, agreed to meet him at the city of *Annapolis*, at some future day, to pay the purchase money, and receive his title; that your orators have heard, and believe, that said *Wells* attended at *Annapolis* on the day appointed, prepared with the money to make his payment, as agreed upon with said *Wilson*, but that said *Wilson* did not attend.

Your orator, *M. H.*, further states, that inasmuch as the amount of the sale was insufficient to pay the debt, he asked time of said *Wilson* to pay the balance, and was allowed by him, ten or fifteen days, within which time, he paid the balance, amounting to $485.83, to *Alexander Randall*, attorney at law, as will appear by his receipt for said balance; that the sheriff of *Anne Arundel* county, has again advertised both tracts of land, "*Sandy Point*" and "*Gravelly Hill*" for sale, at, &c., on Tuesday, 21st January, to satisfy said judgment, and being advertised that said proceedings is contrary to law, and having no remedy,, but by the aid of the Court of Chancery, they humbly pray your honor, to grant to your orators, a writ of injunction on said judgment and execution, directed to said *John F. Wilson*, and the clerk and sheriff of *Anne Arundel* county, commanding them to stay, and surcease all further and other proceedings in said judgment and execution, at least, against the tract of land called "*Gravelly Hill*," if not against both tracts, and against your said orators, until the further order of this court, as also a writ of *subpœna*, &c.

The complainants exhibited with their bill.

1. A short copy of the judgment of the appellee against the appellants, for $1500.   October term 1843.

2. The docket entries of the *fi. fa.* on said judgment.

3. Memorandum of the sale of *Sandy Point* to *J. Wells*, for $1200, made by the deputy sheriff, 2nd November 1844.

4. The statement of *Matthew Hardesty's* debt, for taxes, interest, and balance of *John F. Wilson's* claim of $485.83, amounting to $516.35, with the following receipt thereon:

"Received the above $485.83, for *Thomas S. Alexander*, the attorney, to deposit to his credit.

13th November 1844.                     A. RANDALL"

The Chancellor, on filing bond by the complainants, ordered an injunction.

The answer of the appellee, filed on the 22nd January 1845, admitted, that he did recover judgment against the complainants, as in his said bill is stated, and by the short copy thereof, filed by the complainants appear.  He further admits, that the said judgment was recovered on a note or obligation of the said complainants, given to him to secure the purchase money of a tract of land called *Sandy Point*, sold by him to *John Hardesty*.  He also admits, that afterwards, the complainants agreed to sell said land to one *John Hall*, and put said *Hall* in possession thereof; that this defendant, on being applied to for the purpose, verbally expressed his willingness to accept said *Hall* as purchaser, provided he would make to the defendant, a certain payment which has never been made, and consequently, he has had nothing to do with said *Hall;* that said arrangements, being oral, only, and not reduced into writing, is void, by the statute on which the defendant relies. He further insists, that it was entered into prior to the recovery of the judgment aforesaid, before the action was brought on said note, and if it afforded matter of defence to the complainants, against this defendant, such defence ought to have been taken at law, and the said judgment is relied on by the defendant, against any relief sought on the ground thereof.  And this defendant, further answering, states, that said *Hall* abandoned possession of said premises upwards of twelve months ago, and the same was resumed by the said *John Hardesty*, who rented the same, and is now claiming the last year's rent due from the actual tenant thereof.  And this defendant ad-

mits, that having sued out a *fieri facias* on said judgment, the same was laid on the said tract called *Sandy Point*, and another tract called *Gravelly Hill*, and being exposed to sale by the sheriff of *Anne Arundel* county, the tract called *Sandy Point* was bid in by one *Jeremiah Wells*, as stated in said bill; and he admits, that exhibit B was drawn up and signed by the deputy of said sheriff, as stated in said bills. He further admits, that the said *Wells* was not prepared, at the time, to pay the purchase money, but expressing a willingness to pay as soon as the sheriff could make out his title, the actual payment was postponed, and the writ was returned by the deputy to the sheriff; that it is usual to give such indulgences to purchasers at sheriff's sales, in order that the returns and conveyances may be prepared and executed when the money is paid, and, consequently, in the present case, the defendant was not asked, nor did he give his assent to the arrangement. He further admits, that he heard, from time to time, that the said *Wells* delayed payment of the purchase money, on the pretext, that he was not satisfied with the title to said property, and that on being applied to by the counsel for said *Wells*, this defendant expressed his willingness to show his title to said land, and to convey the same on receiving his purchase money, as aforesaid; that all the indulgence which was enjoyed by said *Wells* was granted him by the sheriff, and on his, the sheriff's, responsibility; that this defendant was advised he could not coerce the sheriff, until the return day of the writ, and further, that it would be better to wait a few days with the sheriff and purchaser, in order to have the difficulty removed, than to insist on a more rigid procedure. But finding at last, that the said *Wells* was trifling, he required the sheriff to proceed, by a re-sale, or otherwise, to make the amount due on the execution, and the property was advertised as in said bill is stated. He admits, that he received through his attorney, the sum of $485.83, or thereabouts, on account of said execution; but he was informed, by his said attorney, and believes it was received on account generally, his said attorney refusing, or declining to look to said *Wells* as pur-

chaser for the amount of his bid, or to recognize his purchase until the money was ready to be paid to him.   This defendant therefore insists, that said sale by the sheriff, under the circumstances aforesaid, does not bind him, or in any manner impair his right to make the money yet due on his execution aforesaid; and that as the said purchaser has failed to pay the purchase money bid by him, as aforesaid, he acquired no title to said land.   Wherefore, this defendant prays the injunction granted in this case may be dissolved, and he be dismissed with costs, &c.

On the 10th February 1845, the defendant moved for a dissolution of the injunction, and in April 1845, the complainants filed exceptions to the sufficiency of the answer.   At the hearing of the motion to dissolve the injunction, the Chancellor (BLAND,) over-ruled the exceptions, and sustained the motion.

The complainants appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By MURRAY and STEELE for the appellants, and
By WELLS and ALEXANDER for the appellees.

MAGRUDER, J., delivered the opinion of this court.

Every thing in the bill of complaint, which may be considered as constituting the equity of the complainant's case, seems to have been satisfactorily answered.   If it was improper for the sheriff, to give the indulgence which he gave to the purchaser, it was given not at the instance, or with the consent of the plaintiff at law.   In this suit, to which the sheriff is no party, we cannot inquire into the conduct of that officer.   The law of the case, 2 *H. & G.* 262, cannot be questioned.

As to the alleged payment to *Mr. Randall,* it can entitle the complainant only to a credit for so much as *Randall,* acting for the plaintiffs' attorney, received.

It does not follow, that because a bidder is found, and he makes the highest bid, that the supposed sale to him, discharges so much of the debt.   The highest bidder acquires no title to

the thing purchased, but by payment of the purchase money, and if he fail to do this within a reasonable time, a re-sale may lawfully be made.    We discover nothing in this case, which entitles the complainant to relief in equity.

With respect to the point, for which most of the authorities were cited by the solicitors of the complainants, this court decided otherwise, in the case of *Sasser ag't. Walker's ex'crs,* 5 *G. & J.* 102.    But surely, it would not follow, that a sale of the property on which the first levy is made, can be hindered by the defendant at law.    If, as it is supposed, the seizure is a satisfaction of the debt, the defendant would no longer have any interest in it, and could not complain that a sale of it was about to be made.

The order of the Chancellor, so far as it over-rules exceptions filed to the answer, cannot be before us at this time.

So much of the order as dissolves the injunction, is affirmed, appeal from the rest is dismissed.

ORDER AFFIRMED AS TO INJUNCTION.